IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SHARYN BENNETT, | ) | |
| | ) | CASE NO. BK04-40661 |
| Debtor(s). | ) | A04-4110 |
| KATHLEEN LAUGHLIN, Chapter 13 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN NATIONAL BANK, | ) | |
| | ) | |
| Defendant and Third- | ) | |
| party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDOLPH OLDSMOBILE CO., d.b.a. | ) | |
| WILLIAMSON VOLKSWAGEN, | ) | |
| | ) | |
| Third-party Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment against American National Bank (Fil. #13), resistance by Randolph Oldsmobile Co. (Fil. #21), and objection by American National Bank (Fil. #22). John Guthery represents the trustee, David Koukol represents American National Bank, and William Kutilek represents Randolph Oldsmobile Co. The motion was taken under advisement as submitted without oral arguments.

The trustee seeks to avoid the bank's lien on the debtor's vehicle as a preference under 11 U.S.C. § 547(b), treat the bank's claim as unsecured, and obtain turnover of any post-petition payments by the debtor to the bank. The bank's lien was noted on the title 27 days after the debtor signed the contract to purchase the car. The Supreme Court has laid down a bright-line rule regarding perfection of a security interest within 20 days and no longer. Fidelity Fin'l Servs., Inc. v. Fink, 522 U.S. 211 (1998).

The bank resists the motion for summary judgment, arguing that § 547(c)(3) protects the transaction. In particular, the bank asserts that the security interest was timely perfected because its

interest was noted on the certificate of title within 20 days of the date the title was put into the debtor's name.

The dealership also resists the motion for summary judgment. Among other arguments, it suggests, as does the bank, that the debtor did not receive legal possession of the vehicle or any right or claim to the vehicle – although she had physical possession of the vehicle from the date she executed the lease – until she received the certificate of title. Using the date of title issuance as the relevant date for purposes of § 547(c)(3)(B) would protect the bank and preclude whatever claims it might have pursued against the dealership.

The debtor leased the car in July 2002 from Williamson Volkswagen in Lincoln, Nebraska, for a 48-month term. On December 30, 2003, the debtor exercised the buy-out option of the lease. American National Bank agreed to finance the purchase, and the retail installment contract and security agreement was assigned to the bank. The Williamson business manager testified in an affidavit that the dealership's practice is to issue a check to the lease financing company to obtain the vehicle's certificate of title. When the title is received, the dealership asks the customer to come in and sign the odometer certification as required by the State of Nebraska before a vehicle can be titled here. The dealership's customary practice is to date the title reassignment and odometer certification as of the date the title was signed by the lease financing company.

In this case, Williamson processed the debtor's purchase documents on December 31, 2003, and sent a check to VW Credit Leasing, Ltd., on the same date. VW Credit Leasing mailed the certificate of title to Williamson on January 6, 2004, and the dealership received it in the normal course thereafter, probably on January 8, 2004. The dealership contacted the debtor to come in to sign the necessary paperwork to have title issued by the Lancaster County Treasurer. She paid the sales tax on the vehicle on January 22nd. The odometer certification is dated January 2, 2004, although Williamson suggests the debtor actually signed it on January 22nd or 23rd. Williamson personnel hand-delivered the original title to the appropriate county offices to obtain a new title on Friday, January 23, 2004. The new certificate of title was issued on Monday, January 26, 2004.

The debtor testified in a deposition that she is certain she signed the title paperwork at the dealership 7 to 10 days <u>before</u> she paid the sales tax, which would be mid-January. This factual issue, however, has no significant bearing on the question before the court, which requires a determination of whether the bank's

lien was properly perfected "on or before 20 days after the debtor receives possession" of the property. § 547(c)(3)(B).

The bank and the dealership argue that "possession" under Nebraska motor vehicle titling laws occurs when the buyer obtains a certificate of title. In condensed form, Neb. Rev. Stat. § 60-105(1) (LexisNexis 2004 Supp.) says: "No person . . . acquiring a motor vehicle . . . shall acquire any right, title, claim, or interest in or to such motor vehicle . . . until he or she shall have had delivered to him or her physical possession of such motor vehicle . . . and a certificate of title . . . ." Cases interpreting § 60-105 indicate that a car buyer who receives possession of the vehicle without also obtaining a duly executed and properly notarized assignment of the certificate of title acquires no interest in the vehicle and does not become the owner of the automobile. Boren v. State Farm Mut. Auto. Ins. Co., 225 Neb. 503, 507, 406 N.W.2d 640, 644 (1987); State Farm Mut. Auto. Ins. Co. v. Royal Ins. Co., 222 Neb. 13, 16, 382 N.W.2d 2, 5 (1986). See also Neb. U.C.C. § 2-401(3)(a) ("Unless otherwise explicitly agreed where delivery is to be made without moving the goods, if the seller is to deliver a document of title, title passes at the time when and the place where he or she delivers such documents[.]")

The earliest the dealership could have transferred the title to the debtor appears to be January 8th, when it received the title from VW Credit Leasing. The bank's security interest was perfected on January 26th, within 20 days thereafter, so it is timely. While the bank and the dealership raise an purported factual issue regarding the debtor's alleged delay in signing the odometer certification so the new title could be issued, it becomes irrelevant in light of this finding of timeliness.

In light of the dispositive nature of this issue, I have not addressed the defendants' other arguments. Because the bank's security interest was timely perfected, the trustee's motion for summary judgment will be denied. Moreover, because this finding in essence means the defendant prevails on the allegations in the trustee's complaint, judgment can now be entered in the bank's favor. See Colsen v. United States (In re Colsen), 322 B.R. 118 (B.A.P. 8th Cir. 2005):

> Summary judgment may be entered in favor of a party who has not requested summary judgment as long as the party against whom summary judgment is entered was given proper notice and an opportunity to respond before the entry of summary judgment. Celotex, 477 U.S. at 326, 106 S. Ct. 2548; Madewell v. Downs, 68 F.3d 1030, 1048-49 (8th Cir.

>     1995); <u>Interco Inc. v. National Surety Corp.</u>, 900 F.2d
>     1264, 1268-69 (8th Cir. 1990). Consequently, the fact
>     that the Debtor had not requested summary judgment did
>     not preclude the bankruptcy court from entering summary
>     judgment in his favor. By filing its motion for summary
>     judgment, the United States was clearly aware that the
>     issue would be considered by the court. Indeed, the
>     United States expressly represented to the court that no
>     material facts were in dispute and asked the court to
>     reach a legal conclusion. The fact that the court reached
>     the opposite legal conclusion than the one sought by the
>     United States does not change the fact that the United
>     States had ample opportunity to present its position
>     prior to entry of the summary judgment.

322 B.R. at 121.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #13) is denied. Separate judgment will be entered in favor of American National Bank.

DATED:    August 4, 2005

>                                         BY THE COURT:
>
>                                         /s/ Timothy J. Mahoney
>                                         Chief Judge

Notice given by the Court to:
    *John Guthery
    David Koukol
    William Kutilek
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.